# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHAEL C. VEAL, ) | |
| ) | |
| ) | |
| Plaintiff, ) | **92 CV 1462 (ILG)** |
| ) | |
| v. ) | |
| ) | |
| ANTHONY GERACI, et ano., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR RELIEF FROM THE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6)

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

December 6, 2019

TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... i

ARGUMENT........................................................................................................ 1

   I.  Plaintiff's motion is supported by good cause................................... 1

      **A.** Until the Supreme Court decided *McDonough* in June 2019, *Veal* governed the accrual of § 1983 fair trial claims in the Second Circuit......... 2

      **B.** Before reversing course for tactical purposes, Corporation Counsel relied on *Veal* to seek dismissal of § 1983 fair trial claims on timeliness grounds .................................................................................. 6

   II.  The Court should apply *Sargent*................................................. 8

   III. Defendants' purported merits arguments are premature and unavailing.......... 9

CONCLUSION.............................................................................................. 12

## TABLE OF AUTHORITIES

### CASES

*Bailey v. City of New York*, 14 CV 2091 (JBW), 2014 WL 11209873 (E.D.N.Y. June 23, 2014)..............................................................................................7

*Berkun v. Terrell*, 11 CV 3237 (ILG), 2011 WL 4753459 (E.D.N.Y. Oct. 7, 2011).. 9

*Bermudez v. City of New York*, 790 F.3d 368 (2d Cir. 2015) ..................................... 12

*Brandon v. City of New York*, 705 F. Supp. 2d 261 (S.D.N.Y. 2010) ......................... 3

*Davis v. City of New York*, 16 CV 3685 (AMD) (LB), 2016 WL 11039795 (E.D.N.Y. Nov. 30, 2016) .......................................................................................7

*Duamutef v. Morris*, 956 F. Supp. 1112 (S.D.N.Y. 1997) ......................................... 2

*Grant v. City of New York*, 15 CV 3635 (ILG) (ST), 2019 WL 1099945 (E.D.N.Y. Mar. 8, 2019) ..................................................................................... 11

*Heck v. Humphrey*, 512 U.S. 477 (1994) ................................................................ 1, 4

*Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6 (2d Cir. 1987)................................... 2

*Lanning v. City of Glens Falls*, 908 F.3d 19 (2d Cir. 2018) ..................................... 10

*Mangum v. City of New York*, 15 CV 8810 (PAE), 2016 WL 4619104 (S.D.N.Y. Sept. 2, 2016) ........................................................................................ 3

*McDonough v. Smith, 139 S. Ct. 2149 (2019)* ......................................................... 1

*McDonough v. Smith*, 15 CV 01505 (MAD) (JS), 2016 WL 5717263 (N.D.N.Y. Sept. 30, 2016) ...................................................................................... 4

*Mitchell v. Home,* 377 F. Supp. 2d 361 (S.D.N.Y. 2005) ...................................... 3, 4

*Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1 (2d Cir. 1999) .................... 7

*Motrade v. Rizkozaan, Inc.*, 95 CV 6545 (DC), 1998 WL 108013 (S.D.N.Y. Mar. 11, 1998)........................................................................................................ 1

*Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997) .......................................................... 9

*People v. Veal*, 158 A.D.2d 633, 551 N.Y.S.2d 602 (2nd Dep't 1990)........................ 8

*Ross v. City of New York*, 17 CV 3505 (PKC) (SMG), 2019 WL 4805147 (E.D.N.Y. Sept. 30, 2019) .................................................................................. 9, 10

*Rudgayzer v. Google, Inc.*, 13 CV 120 (ILG) (RER), 2014 WL 12676233 (E.D.N.Y. Feb. 10, 2014) ...................................................................................... 2

*Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007) .................................................... 8

*Scott v. Gardner*, 344 F. Supp. 2d 421 (S.D.N.Y. 2004)........................................... 2

*United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977) ................................................ 8

*Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir. 1973) ...................... 2

*Veal v. Geraci*, 23 F. 3d 722 (2d Cir. 1994) .............................................................. 4

*Wallace v. Kato*, 549 U.S. 384 (2007) ...................................................................... 3

*Ying Li v. City of New York*, 246 F. Supp. 3d 578 (E.D.N.Y. 2017).......................... 5

## STATUTES

42 U.S.C. § 1983...................................................................................... 2, 3, 5, 11

## RULES

Fed. R. Civ. P. 60(b) ...................................................................................... 2

Fed. R. Civ. P. 60(b)(6) ................................................................................. 8

N.Y.C.P.L § 30.30 .................................................................................... 9, 10

<u>ARGUMENT</u>

**I.   Plaintiff's motion is supported by good cause.**

In their opposition, defendants claim that *Heck v. Humphrey*, 512 U.S. 477 (1994) overruled the Second Circuit's decision in this case, rendering the Supreme Court's recent *McDonough* opinion "superfluous to plaintiff's thesis." According to defendants, Mr. Veal, a formerly *pro se* litigant, should have sought relief from the judgment when *Heck* was decided in 1994. *See* Defendants' Opposition Memorandum dated November 15, 2019 (DE #29) ("Def. Mem.") at, *e.g.*, pp. 7-8 (describing plaintiff's analysis of *McDonough*'s holding as "patently incorrect" and asserting that plaintiff "certainly neglected his claim and showed an extreme lack of diligence in the 25 years that have elapsed since *Heck*").

If it should please the Court, however, defendants' argument is at odds with a quarter-century of Second Circuit jurisprudence and the New York City Law Department's prior position that *Veal* remained good law until this year. *See Motrade v. Rizkozaan, Inc.,* 95 CV 6545 (DC), 1998 WL 108013, *6 (S.D.N.Y. Mar. 11, 1998) ("Once a party has 'sold' its position to one court it cannot turn around and repudiate it in order to have a second victory. The doctrine seeks to insure the sanctity of the oath and the integrity of the judicial process.") (citations and quotation marks omitted).

Indeed, within weeks of the Supreme Court's *McDonough* decision, which reached and overruled the accrual analysis applied to dismiss this case, Mr. Veal

diligently brought the instant motion. *See Rudgayzer v. Google, Inc.*, 13 CV 120 (ILG) (RER), 2014 WL 12676233, *3 (E.D.N.Y. Feb. 10, 2014) ("[C]ourts consistently grant Rule 60(b) relief based on supervening changes in law in certain circumstances…") (collecting cases); *Scott v. Gardner*, 344 F. Supp. 2d 421, 426 (S.D.N.Y. 2004) ("[W]here a supervening change in governing law calls into serious question the correctness of the court's judgment, a Rule 60(b)(6) motion may be granted.") (internal quotation marks and citations omitted); *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) ("[T]he policy in favor of hearing appellant's claims on the merits is preeminent.") (citing *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973) for the proposition that courts should "resolve doubts in favor of granting [a] motion to set aside the judgment").

### A. Until the Supreme Court decided *McDonough* in June 2019, *Veal* governed the accrual of § 1983 fair trial claims in the Second Circuit.

Following the Supreme Court's 1994 decision in *Heck*, courts in the Second Circuit applied it to bar § 1983 claims by plaintiffs with extant criminal convictions, but confined its "deferred accrual" principle to causes of action deemed to include a favorable termination element, like malicious prosecution (but unlike fair trial); the holdings in *Heck* and *Veal* were harmonized and, indeed, the cases were often cited together. *See Duamutef v. Morris*, 956 F. Supp. 1112, 1118 (S.D.N.Y. 1997) (Sotomayor, J.) (discussing inapplicability of *Heck* to § 1983 abuse of process claim

because "favorable termination of prior proceedings is not an element," and citing *Veal*)

(citations omitted).[1] As explained by the Hon. Colleen McMahon in *Mitchell v. Home*:

> [Plaintiff] relies on *Heck* to demonstrate that her federal false
> arrest and false imprisonment claims did not accrue until
> November 21, 2003, the date [the] Appellate Term reversed
> her conviction. She is wrong. In *Heck* the Supreme Court
> was concerned, not with a false-arrest type of claim, but
> rather with a claim closely analogous to the common-law
> cause of action for malicious prosecution, a type of claim in
> which favorable termination of the proceedings is an
> element....And for statute of limitations purposes, a § 1983
> claim, including a Sixth Amendment fair trial claim, accrues
> when the alleged conduct has caused the claimant harm and
> the claimant knows or has reason to know of the allegedly
> impermissible conduct and the resulting harm.

377 F. Supp. 2d 361, 372 (S.D.N.Y. 2005) (citations, brackets and quotation marks

omitted) (collecting cases and citing *Veal*).

The Second Circuit's post-*Heck* fair trial accrual framework, based squarely on

*Veal*, also survived the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384

(2007). *See Brandon v. City of New York*, 705 F. Supp. 2d 261, 278 n.4 (S.D.N.Y. 2010)

(analyzing accrual of § 1983 false arrest claim under *Wallace* and § 1983 fair trial claim

under *Veal*); *Mangum v. City of New York*, 15 CV 8810 (PAE), 2016 WL 4619104,

*5–6 (S.D.N.Y. Sept. 2, 2016) (same) ("In *Veal*, for example, the plaintiff brought a §

1983 claim after his criminal conviction had been overturned, arguing that the

---

[1] Justice Sotomayor also authored *McDonough*.

conviction had been based on blatant police misconduct – a manipulative and highly suggestive identification procedure. Finding the claim untimely, the Second Circuit rejected Veal's claim that he had been entitled to wait to file suit until he had judicial verification that the defendants' acts were wrongful; rather, the limitations period begins to run as soon Veal had become aware of the police conduct.") (citations and quotation marks omitted).

As the district court made clear at the motion to dismiss phase in *McDonough*, *Veal* persisted as foundational to the analysis of § 1983 fair trial claim accrual in the Second Circuit notwithstanding *Heck* and *Wallace*:

> Significant in this case is the different accrual points for both malicious prosecution and fabrication of evidence claims: "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor[,]" *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); whereas "a fair trial claim…accrues when the plaintiff learns or should have learned that the evidence was fabricated and such conduct causes the claimant some injury[,]" *Mitchell v. Home*, 377 F. Supp. 2d 361, 373 (S.D.N.Y. 2005) (citing *Veal v.* Geraci, 23 F. 3d 722, 724-25 (2d Cir. 1994)).

*McDonough v. Smith*, 15 CV 01505 (MAD) (JS), 2016 WL 5717263, *10 (N.D.N.Y. Sept. 30, 2016), *judgment entered*, 2017 WL 1901962 (N.D.N.Y. May 8, 2017), and *aff'd*, 898 F.3d 259 (2d Cir. 2018), *rev'd and remanded*, 139 S. Ct. 2149, 204 L. Ed. 2d 506 (2019), and *vacated and remanded*, 783 F. App'x 91 (2d Cir. 2019); *see also,*

*e.g., Ying Li v. City of New York*, 246 F. Supp. 3d 578, 630 & n.50 (E.D.N.Y. 2017)

(applying *Veal* accrual analysis to § 1983 fair trial claims).

In a manner fatal to defendants' legal argument for neglect, the Second Circuit

in *McDonough* grounded its holding in a discussion of *Veal*'s continuing validity as of

2018:

> Veal brought his § 1983 due process claim within three years
> of the decision by the Appellate Division but more than
> three years after he had been sentenced following his
> trial. *Id.* We concluded that the statute of limitations had
> expired before the suit was instituted because Veal was made
> aware of the tainted lineup when its circumstances were
> disclosed before his trial (and he moved to suppress its use at
> trial), more than three years before suit was
> brought. *Id.* at 724–25. The date of the reversal of the
> conviction by the Appellate Division was not the accrual date
> of the due process violation; rather it was as early as when the
> circumstances of the lineup were disclosed at the pretrial
> hearing, and certainly no later than the date of conviction
> and sentencing, because those later dates were when the
> liberty deprivation occurred based on the effect of the tainted
> evidence at trial. *Id.* at 725–26.
>
> We acknowledge that the Third, Ninth, and Tenth Circuits
> have held that the due process fabrication cause of action
> accrues only after criminal proceedings have terminated
> because those circuits have concluded that fabrication of
> evidence claims are analogous to claims of malicious
> prosecution, which require termination of the criminal
> proceeding in the defendant's favor before suit may be
> brought.…We disagree with those decisions. Because the
> injury for this constitutional violation occurs at the time the
> evidence is used against the defendant to deprive him of his
> liberty, whether it be at the time he is arrested, faces trial, or

> is convicted, it is when he becomes aware of that tainted
> evidence and its improper use that the harm is complete and
> the cause of action accrues. Indeed, the harm—and the due
> process violation—is in the *use* of the fabricated evidence to
> cause a liberty deprivation, not in the eventual resolution of
> the criminal proceeding.

*McDonough*, 898 F.3d at 266–67 & n.8 (footnote omitted) (emphasis in original). It

was, in fact, the Second Circuit's adoption of the *Veal* holding in *McDonough* that led

the Supreme Court to grant certiorari. *McDonough*, 139 S. Ct. at 2153 ("The courts

below, concluding that the limitations period for McDonough's fabricated-evidence

claim began to run when the evidence was used against him, determined that the claim

was untimely. We hold that the limitations period did not begin to run

until McDonough's acquittal, and therefore reverse.").

Given the continuous application of *Veal* in the circuit until *McDonough*, any

prior application for the instant relief would have been futile and ill advised. Now that

the Supreme Court has called the correctness of the judgment in this case into serious

question, plaintiff has appropriately moved for relief. *Scott*, 344 F. Supp. 2d at 426.

**B.   Before reversing course for tactical purposes, Corporation Counsel relied
on *Veal* to seek dismissal of § 1983 fair trial claims on timeliness
grounds.**

Further diminishing the validity of defendants' current stance, defense counsel's

office previously pressed the contrary position before courts of the Second Circuit. For

example, in a brief filed in support of a motion to dismiss before the Hon. Jack B.

Weinstein in 2014, Corporation Counsel argued, citing *Veal*, that "[plaintiff's] fair trial claim is time-barred. Unlike a malicious prosecution claim, favorable termination is not a pre-requisite to the commencement of a fair trial claim." *Bailey v. City of New York*, 14 CV 2091 (JBW), 2014 WL 11209873 (E.D.N.Y. June 23, 2014) (citations omitted); *see also, e.g., Davis v. City of New York*, 16 CV 3685 (AMD) (LB), 2016 WL 11039795 (E.D.N.Y. Nov. 30, 2016) ("[A]n evidence fabrication fair trial claim accrues, and the statute of limitations begins to run, when the plaintiff knows or has reason to know that his liberty was deprived through fabricated evidence.") (citations omitted). In at least one case, *Mangum*, the Southern District of New York adopted Corporation Counsel's accrual arguments, resulting in the dismissal of that plaintiff's claims. *See* 2016 WL 4619104 at *5–6; *cf. Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) ("Judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by that party in a prior legal proceeding.") (citations, brackets and internal quotation marks omitted).

Plaintiff respectfully submits that it is unseemly and telling that defense counsel's office previously advanced, and prevailed upon, arguments contrary to and irreconcilable with those now presented, and which support plaintiff's motion. More importantly, as demonstrated above, the City's prior position reflected the state of the

7

law in the Second Circuit until five months ago and thus broadly supports the instant Rule 60(b)(6) application.

## II.    The Court should apply *Sargent*.

Urging denial of plaintiff's motion, defendants misquote *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) for the proposition that courts should not "causally (sic) permit the relitigation of litigated issues." Def. Mem. at p. 5. Plaintiff respectfully submits that this is precisely the point: Mr. Veal never had the chance to litigate the serious issues raised in this case. *See People v. Veal*, 158 A.D.2d 633, 551 N.Y.S.2d 602, 604 (2nd Dep't 1990) ("We agree with the defendant that he was deprived of a fair trial by various errors that occurred during the pretrial and trial proceedings.").

Contrary to footnote 1 of defendants' opposition, *Sargent* is applicable here and the factors strongly support granting relief. *See* Plaintiff's Memorandum at pp. 4-10; *cf. Ruiz v. Quarterman,* 504 F.3d 523, 532 (5th Cir. 2007) ("The main application of Rule 60(b) is to those cases in which the true merits of a case might never be considered. Thus, although we rarely reverse a district court's exercise of discretion to deny a Rule 60(b) motion, we have reversed where denial of relief precludes examination of the full merits of the cause, explaining that in such instances even a slight abuse may justify reversal.") (internal quotation marks omitted).

8

III.    **Defendants' purported merits arguments are premature and unavailing.**

The opposition brief misrepresents the merits of plaintiff's claims and the governing law to suggest futility. These arguments can and should be flatly rejected.

Initially, as this Honorable Court has rightfully noted, Mr. Veal's *pro se* status in the underlying litigation means that "his submissions must be held to less stringent standards than formal pleadings drafted by lawyers" and "the Court must liberally construe the pleadings to raise the strongest arguments they suggest." *Berkun v. Terrell*, 11 CV 3237 (ILG), 2011 WL 4753459, *1 n.2 (E.D.N.Y. Oct. 7, 2011) (citations and internal quotation marks omitted).

Defendants' merits arguments are simply false. For example, defendants state (at p. 3) that "[p]laintiff has presented no evidence in the record of this motion as to the ultimate disposition of the criminal charges." To the contrary, plaintiff's *pro se* complaint states, at ¶ 10, that the charges were dismissed on CPL § 30.30 grounds following *habeas* review. DE #30-1. This qualifies as a favorable termination as a matter of law (for malicious prosecution purposes), *Murphy v. Lynn*, 118 F.3d 938, 949 (2d Cir. 1997). Further, defendants are wrong (and mislead the Court) by applying favorable termination requirements for malicious prosecution claims to the fair trial claims presented here. *See Ross v. City of New York*, 17 CV 3505 (PKC) (SMG), 2019 WL 4805147, *8 n.15 (E.D.N.Y. Sept. 30, 2019) ("[T]he Court finds this citation [by

Corporation Counsel] misleading to the extent that it does not acknowledge that the ruling [interpreting favorable termination requirements] was made in the context of a malicious prosecution claim [as opposed to a fair trial claim]").[2]

Plaintiff respectfully submits that close examination of the recent, well-reasoned *Ross* decision will assist this Honorable Court in evaluating defendants' opposition arguments. In *Ross*, the Hon. Pamela K. Chen describes as "debatable" whether the Supreme Court intended to impose a favorable termination element upon fair trial claims at all. 2019 WL 4805147 at *8. Even if it did, Judge Chen concludes, a far more lenient analysis should be applied under the Fourteenth Amendment. *Id.* (declining to apply *Lanning v. City of Glens Falls,* 908 F.3d 19, 25 (2d Cir. 2018) to fair trial claim) (citations omitted). In any event, as indicated above, plaintiff's CPL § 30.30 dismissal constitutes a favorable termination as a matter of law.

In truth, plaintiff presents colorable claims that deserve to be tested on the merits. *See, e.g., Mangum*, 2016 WL 4619104 at *5–6 (describing Mr. Veal's allegations as constituting "blatant police misconduct"). Plaintiff, who has steadfastly maintained his innocence, claims that the victim was shown an outdated photograph of him from five

---

[2] On p. 9 of their opposition brief, defendants also mischaracterize Second Circuit jurisprudence on CPL § 30.30 dismissals ("However, CPL § 30.30(2)(a) merely controls when a defendant charged with a felony must be released from custody for speedy trial reasons; it does not implicate the final disposition of a criminal charge."). *But see Murphy*, 118 F.3d at 949 (a CPL § 30.30 dismissal "compels an inference" that there was "a lack of reasonable grounds for the prosecution," supporting a finding of favorable termination for malicious prosecution purposes as a matter of law) (citations omitted).

years earlier and casts grave doubt on the purported photographic identification. Indeed, plaintiff differed substantially in height and weight from the perpetrator, had no Jamaican accent and a noticeable scar across the side of his face (that, on this record, was not present in the photographic array). DE #30-1, pp. 5-39; *see Grant v. City of New York*, 15 CV 3635 (ILG) (ST), 2019 WL 1099945, *6 (E.D.N.Y. Mar. 8, 2019) ("[T]here are no similarities between Plaintiff's appearance and that of the suspect, none whatsoever which could reasonably be supported by the record, other than the fact that they are both black. Beyond that, the differences are vast."). Moreover, there is, on this record, every indication that defendant Geraci suppressed the suggestive circumstances of the lineup identification, which, if proven, would suffice to establish § 1983 liability. As the Second Circuit has explained:

> [A] jury could find that Defendants' alleged failure to inform ADA Rodriguez about problems in the initial questioning of these witnesses could have prevented ADA Rodriguez from making an informed decision about the reliability of that evidence. And this would mean that a jury could find that Defendants remained a proximate cause of the deprivation of Bermudez's due process rights….In sum, there are triable issues of fact concerning whether ADA Rodriguez's decision to bring charges was tainted by misleading information about how the witnesses originally came to identify Bermudez as the shooter. It was therefore error to grant summary judgment to Defendants on Bermudez's due process claims.

*Bermudez v. City of New York*, 790 F.3d 368, 376 (2d Cir. 2015) (footnotes omitted).

If it should please the Court, it is beyond cavil that plaintiff's *pro se* pleading is entitled to a more favorable interpretation at this stage than the represented party in *Bermudez* at summary judgment. *Berkun*, 2011 WL 4753459, at *1 n.2.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Honorable Court grant relief from the prior judgment pursuant to Fed. R. Civ. P. 60(b)(6) and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 6, 2019

ELEFTERAKIS, ELEFTERAKIS & PANEK

_____

Gabriel P. Harvis
Baree N. Fett
80 Pine Street, 38th Floor
New York, New York 10007
(212) 532-1116

*Attorneys for plaintiff*

To:   Defense Counsel