UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL VEAL,

                Plaintiff,                        MEMORANDUM AND ORDER
                                                                                  92-CV-1462

     - against -

ANTHONY GERACI, WARDEN JOHN DOE,

                Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

        On March 27, 1992, Plaintiff Michael Veal ("Plaintiff") brought an action against Defendants Detective Anthony Geraci ("Geraci") and John Doe alleging violations of his due process rights under 42 U.S.C. § 1983 in subjecting him to an impermissibly tainted lineup. (ECF No. 1, "Compl."), Geraci moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the action was barred by the statute of limitations. (ECF No. 6). On August 23, 1993, this Court entered an order (the "1993 Order") granting Geraci's motion. Thereafter, Plaintiff appealed the 1993 Order and on May 5, 1994, the Second Circuit affirmed the dismissal. Veal v. Geraci, 23 F.3d 722, 725-26 (2d Cir. 1994).

        Currently before the court is Plaintiff's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the final judgment in this action based on a claimed change in the controlling law. For the reasons that follow, Plaintiff's motion is DENIED.

## BACKGROUND

        The factual background of this action is set forth in detail in the Second Circuit's opinion, familiarity with which is assumed. Briefly, on September 23, 1987, a taxi driver was the victim of an armed robbery in Queens, New York. On October 6, 1987, Plaintiff was arrested and the victim identified him in a lineup. The victim testified in state court proceedings that Geraci had

conducted the lineup in a suggestive manner and enabled him to see Plaintiff being brought to the precinct in police custody just prior to the lineup. Prior to his criminal trial, Plaintiff moved to suppress the lineup identification on the ground that it was tainted. The motion was denied and Plaintiff was subsequently convicted of first-degree robbery and fourth-degree grand larceny and sentenced on June 22, 1988. On February 20, 1990, the Appellate Division reversed Plaintiff's conviction and ordered a new trial. People v. Veal, 158 A.D.2d 633 (2d Dept. 1990). Research has revealed no further history of this case and it is fair to assume that a new trial was not held and the case was closed. Plaintiff filed the complaint in this action on March 27, 1992 alleging that Geraci had violated his due process rights when he used improper and unfairly suggestive procedures in conducting Plaintiff's lineup. (Compl.)

Under the law prevailing in the Second Circuit at the time of this court's 1993 Order, a claim accrued when the "plaintiff knows or has reason to know of the injury which is the basis of his action." Veal, 23 F.3d at 724 (quoting Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980)). Because the statute of limitations governing Plaintiff's claim under 42 U.S.C. § 1983 is three years, see Owens v. Okure, 488 U.S. 235, 251, this Court found that Plaintiff's claim, which was brought in 1992, accrued no later than June 22, 1988 when Plaintiff was sentenced, and that Plaintiff's claim was barred by the statute of limitations which ended no later than June 22, 1991. The Second Circuit subsequently affirmed. Veal, 23 F.3d 722

On June 20, 2019, the Supreme Court, in McDonough v. Smith, 139 S. Ct. 2149 (2019), applied the law as it was decided in Heck v. Humphrey, 512 U.S. 477 (1994), that the statute of limitations for a violation of due process claim of fabrication of evidence brought pursuant to 42 U.S.C. § 1983 began to run when the underlying criminal action was terminated, rather than when he had knowledge of his claim. Had Heck been decided when Plaintiff's action was

2

brought, it would have been timely because Plaintiff commenced his action on March 27, 1992, within three years of the Appellate Division's reversal of his conviction on February 20, 1990. On September 11, 2019, Plaintiff filed this motion under Rule 60(b) to set aside the 1993 Order. (ECF No. 25, "Pl.'s Mem."). On November 15, 2019, Geraci filed his opposition. (ECF No. 29, "Def.'s Opp."). On December 6, 2019, Plaintiff filed his reply. (ECF No. 33, "Pl.'s Reply").

## DISCUSSION

Rule 60(b) provides that a "court may relieve a party . . . from a final judgment [or] order" for a number of enumerated reasons, or for "any other reason that justifies relief." Plaintiff argues that a supervening change in governing law is grounds for vacating the 1993 Order under Rule 60(b)(6) and in light of McDonough, this action should be reopened and litigated on its merits. Pl.'s Mem. at 4–6. In response, Geraci argues that Plaintiff has not shown good cause for the relief he seeks and that he fails the four-factor test set by the Second Circuit in Sargent v. Columbia Forest Prods., 75 F.3d 86 (2d Cir. 1995), which addresses whether an intervening change in law justifies granting relief under Rule 60(b)(6). Def.'s Opp'n at 6–9.

### I. Plaintiff Is Not Entitled To Rule 60(b) Relief Because His Motion Is Twenty-Five Years Late

Geraci argues that the Plaintiff could have brought this action long before McDonough was decided, and therefore his motion is untimely. Def.'s Opp'n at 6-7. Specifically, Geraci avers that the law applied by the Second Circuit in Veal was disavowed by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), which decided that a § 1983 action for damages attributable to an unconstitutional conviction does not accrue until the conviction was invalidated.

3

In Heck, the plaintiff, who was serving a fifteen-year sentence for voluntary manslaughter, sought damages in an action pursuant to § 1983 against state prosecutors and a police investigator who allegedly engaged in an unlawful investigation, destroying exculpatory evidence, and using an illegal identification procedure at trial. Heck, 512 U.S. at 478-89.  The Supreme Court held that such a  § 1983 claim would effectively "challeng[e] the legality of" the plaintiff's conviction and therefore decided that"[j]ust as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 480, 489-90 (citations omitted).

In McDonough, 139 S. Ct. 2149, the plaintiff, a county board of elections commissioner, was indicted and arrested for forging absentee ballots before being acquitted of all charges at trial. Id. at 2153-54. He then sought damages pursuant to § 1983 against his prosecutor for fabrication of evidence that was used to pursue criminal charges against him. Id. The Supreme Court held that the statute of limitations on the plaintiff's § 1983 claim began to run when he had been acquitted, rather than when he had knowledge of his claim.

McDonough merely reaffirmed Heck, holding that a claim challenging a prosecution or conviction cannot arise until the prosecution or conviction at issue has been terminated or invalidated. This rule has been applied since Heck, and prior to McDonough. Therefore, this 60(b) motion could have been brought following Heck in 1994 and is now twenty-five years late.

**II.     Plaintiff Fails The Four-Factor Sargent Test**

Based on the Second Circuit holding in Sargent, 75 F.3d 86 (2d Cir. 1996), courts of this district use a four-factor test to determine whether an intervening change of law justifies the

granting of a Rule 60(b)(6) motion. Plaintiff's motion fails this test. The four factors are: "(1) whether the new law is 'beyond any question inconsistent' with the earlier decision; (2) whether the moving party notified the court of a pending motion that may alter the decisional law; (3) whether 'substantial' time had elapsed between the earlier decision and the pending motion; and (4) whether the equities strongly favor the moving party." Scott v. Gardner, 344 F. Supp. 2d 421, 426 (S.D.N.Y. 2004) (quoting Devino v. Duncan, 215 F. Supp. 2d 414, 418 (S.D.N.Y. 2002)).

This 60(b) motion, having been brought more that twenty-five years after the 1993 Order, clearly fails the third factor of the Sargent test and the motion is denied. "The policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation." 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2D § 2857 (West 1995).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED.

SO ORDERED.

Dated:    Brooklyn, New York
          March 10, 2021

/s/
I. Leo Glasser         U.S.D.J.